**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHARON BROWN, on behalf of herself and all others similarly situated, | |
| Plaintiff, | Civil Action No. |
| vs. | **CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND** |
| FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC. dba FBCS INC. and CF MEDICAL, LLC, | |
| Defendants. | |

Plaintiff SHARON BROWN, on behalf of herself and all others similarly situated (hereinafter "Plaintiff"), by and through her undersigned attorney, alleges against the above-named Defendants, FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC. dba FBCS INC. and CF MEDICAL, LLC, (collectively "Defendants"), their employees, agents, and successors, the following:

**PRELIMINARY STATEMENT**

1.      Plaintiff brings this action for actual and statutory damages and

declaratory and injunctive relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5. Plaintiff demands a jury trial on all issues.

## PARTIES

6. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7. Plaintiff is a natural person and resident of Monmouth County, in the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8. Based upon information and belief, Defendant FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC. dba FBCS INC. ("FBCS") is a Pennsylvania corporation engaged in the business of collecting debts with its principal place of business located at 330 S. Warminster Road, Suite 353, Hatboro, PA 19040.

9. Based upon information and belief, Defendant CF MEDICAL, LLC ("CF") is a Nevada Corporation with its principal place of business located at 101 Convention Center Drive, Las Vegas, NV 89109.

10. Based upon information and belief, each Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another. Each Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class consists of:

- All New Jersey consumers who were sent collection letters from Defendant FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC. dba FBCS INC. which sought to collect on a debt allegedly owned by CF MEDICAL, LLC and which contained at least one of the alleged

violations of 15 U.S.C. §1692 et. seq. herein

- The Class period begins one year prior to the filing of this Action.

13.  The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibits A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

    a. Whether Defendants violated various provisions of the FDCPA.

    b. Whether the Defendants were seeking to collect on a time-barred debt;

    c. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

> d. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and
>
> e. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;
- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;
- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;
- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;
- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who

could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If the Defendants' conduct is allowed to proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains;

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

15. Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Service, telephone and/or the Internet.

16. FBCS and CF are each a "debt collector" as defined by General Electric Capital Corporation is a "creditor" as defined by 15 U.S.C. § 1692a(6).

17. Sometime prior to February 2, 2016, Plaintiff allegedly incurred a financial obligation to Jersey Shore University Medical Center.

18. The Jersey Shore University Medical Center obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

19. The alleged Jersey Shore University Medical Center obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

20. Jersey Shore University Medical Center is a "creditor" as defined by 15 U.S.C. § 1692a(4).

21. Sometime prior to February 2, 2016, Jersey Shore University Medical Center, either directly or through intermediate transactions assigned, placed or transferred the Jersey Shore University Medical Center obligation to Defendant CF.

22. At the time the Jersey Shore University Medical Center obligation was assigned, placed or transferred to CF, the Jersey Shore University Medical Center obligation was in default.

23. Sometime prior to February 2, 2016, CF, either directly or through intermediate transactions assigned, placed or transferred the Jersey Shore University Medical Center obligation to Defendant FBCS for the purpose of collection.

24. At the time the Jersey Shore University Medical Center obligation was assigned, placed or transferred by CF to FBCS for collection, the CF account was in default.

25. FBCS caused to be delivered to Plaintiff a letter dated February 2, 2016 concerning the alleged Jersey Shore University Medical Center obligation, which sought a balance of $239.20. A copy of said letter is annexed hereto as **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy.

26. The February 2, 2016 letter was sent or caused to be sent by a person

employed by FBCS as a "debt collector" as defined by 15 U.S.C. § 1692a(6).

27. The February 2, 2016 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

28. Upon receipt, Plaintiff read the February 2, 2016 letter.

29. The February 2, 2016 collection letter identified FBCS, Inc., but failed to identify the true name of the debt collector's company as FINANCIAL BUSINESS AND CONSUMER SOLUTIONS, INC.

30. The business name FBCS. Inc. is not registered to do business in the State of New Jersey.

31. The February 2, 2016 letter stated in part:

Our client, CF Medical, LLC, has authorized us to accept a 70% discount off your $239.20 outstanding balance to settle the account in full. The complete details of your account are:

We can accept this reduced amount under your preferred option:

1. Pay the full amount of $71.76 to us in one payment.
2. Pay $14.35 as a down-payment and the remaining balance of $57.41, 30 days after your 1st payment is received.
3. You may have an opportunity to split your settlement into 6 payments of $11.96 each. Call our office for details.

32. Since the date of service for the medical treatment was January 4, 2010, the applicable six-year statute of limitations related to the Jersey Shore University Medical Center obligation expired prior to February 2, 2016.

33. The February 2, 2016 letter does not inform Plaintiff that should she choose to accept either the second or third payment plan options either in writing or by making a payment, the applicable statute of limitations could reset or begin anew under a new contract.

34. The February 2, 2016 letter does not inform Plaintiff that should the applicable statute of limitations reset or begin anew, Defendants, or a subsequent creditor, may have the right commence legal action, which otherwise would have been barred.

35. The February 2, 2016 letter does not clearly inform Plaintiff that the applicable statute of limitations has expired and therefore any potential liability related to the Jersey Shore University Medical Center obligation has also already expired.

36. The February 2, 2016 letter does not clearly inform Plaintiff that the applicable statute of limitations has expired related to the Jersey Shore University Medical Center obligation, and that it is possible that an action by Plaintiff could reset or begin a new statute of limitations.

37. Defendants regularly sent collection letters to New Jersey consumers that included a demand for an amount that was greater than the amount actually due at the time the collection letters were sent.

38. Based upon information and belief, Defendants regularly sent letters seeking to collect debts which were time-barred and that offered monthly payment plans.

39. Based upon information and belief, Defendants regularly sent letters seeking to collect debts, which were time-barred, that offered monthly payment plans, and did not inform the consumer that the applicable statute of limitations could reset or begin anew upon making the first payment or by entering into an agreement to repay.

40. Defendants regularly sent letters seeking to collect debts, which were time-barred, that offered monthly payment plans, and did not inform the consumer that the applicable statute of limitations could reset or begin anew, which could allow the

current or subsequent creditor the option of commencing legal action, which otherwise would be barred by the applicable statute of limitations.

41. The Federal Trade Commission has determined that "most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations... When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/01/asset.shtm) The FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are time-barred by the statute of limitations. <u>United States of America (For the Federal Trade Commission) v. Asset Acceptance, LLC</u>, Case No.; 8:12-cv-182-T-27EAJ 9M.D.Fla)

42. Plaintiff suffered injury in fact by being subjected to the unfair and abusive practices of Defendants.

43. Plaintiff suffered actual harm by being the target of Defendants' misleading debt collection communications.

44. Defendants violated Plaintiff's rights not to be the target of misleading debt collection communications.

45. Defendants violated Plaintiff's right to a trustful and fair debt collection process.

46. Under the FDCPA, Plaintiff had the right to receive certain information from Defendants regarding the expiration of the statute of limitations, and the effect of making a payment on the debt, could reset the statute of limitations.

47. Defendants' communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendants' collection efforts.

48. Defendants' February 2, 2016 collection letter which provided confusing and incorrect information caused Plaintiff a concrete injury in that Plaintiff was deprived of her right to receive accurate and trustworthy information regarding her rights under the FDCPA.

49. Defendants' communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendants' collection efforts.

50. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendants' false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

51. As a result of Defendants' conduct, Plaintiff suffered an actual, concrete injury as a result of defendants' failure to provide Plaintiff information required under the FDCPA.

52. Plaintiff's receipt of a collection letter which provided incorrect, incomplete and confusing information constitutes a concrete injury.

53. The failure of Defendants to provide correct information impeded Plaintiff's ability to make a well-reasoned decision.

54. Defendants' failure to provide accurate information injured Plaintiff in that it impacted her ability to decide on how to proceed with respect to the matter – will she hire an attorney, represent herself, payoff the debt, engage in a payment plan, file for bankruptcy, etc.

55. The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

## POLICIES AND PRACTICES COMPLAINED OF

56. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

> (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;
>
> (b) By making false representations of the character or legal status of a debt; and
>
> (c) Using unfair or unconscionable means to collect or attempt to collect any debt.

57. On information and belief, Defendants sent written communications, in the form annexed hereto as Exhibit A to at least 30 natural persons in the State of New Jersey.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS

58. Plaintiff repeats the allegations contained in paragraphs 1 through 57 as if the same were set forth at length.

59. Defendants violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with their collection attempts against Plaintiff and others similarly situated.

60. By sending a collection letter, the same as or substantially similar to the February 2, 2016 collection letter, in which the collection letter, among other things, sought to collect on a time-barred debt, failed to give Defendant FBCS's true name, and/or gave different payment options without advising that the statute of limitations could be revived or reset, Defendants violated:

  A. 15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

  B. 15 U.S.C. §1692e(2)(A), by falsely representing the character, amount, or legal status of any debt;

  C. 15 U.S.C. §1692e(2)(B), by falsely representing any services rendered or compensation which may lawfully be received by a debt collector for the collection of a debt;

  D. 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff;

  E. 15 U.S.C. § 1692e(14) by the use of any business, company, or organization name other than the true name of the debt collector's business, company or organization;

  F. 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt; and,

  G. 15 U.S.C. §1692f(1), by collecting or attempting to collect any amount not expressly authorized by the agreement creating the debt or permitted by law.

**WHEREFORE**, Plaintiff, on behalf of herself and others similarly situated, demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding reasonable attorneys' fees, costs and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:   Rutherford, New Jersey
         February 2, 2017

                                          Respectfully submitted,

                                        By: s/ Lawrence C. Hersh
                                              Lawrence C. Hersh, Esq.
                                              17 Sylvan Street, Suite 102B
                                              Rutherford, NJ  07070
                                              (201) 507-6300
                                              *Attorney for Plaintiff*

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: February 2, 2017                     By: <u>s/ Lawrence C. Hersh</u>
                                                                    Lawrence C. Hersh, Esq